IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:17-cr-00195-LTB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   BENJAMIN PHILLIPS,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Emily M. May, Assistant United States Attorney for the District of Colorado, and the defendant, Benjamin Phillips, personally and by counsel, David Johnson, Assistant Federal Public Defender, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

A.   *Defendant's Obligations*

The defendant agrees to plead guilty to Count One of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm or ammunition by a previously convicted felon. The defendant further agrees to waive his appellate rights, as detailed below.

B.   *Government's Obligations*

In exchange for the defendant's plea of guilty, the government agrees to the

1

COURT EXHIBIT 1

following: (1) to recommend the Court give the defendant full credit for acceptance of responsibility per U.S.S.G. § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing; and (2) to recommend a sentence at the low end of the guideline range as calculated by the Court.

C.  *Defendant's Waiver of Appeal*

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 12; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant

was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

D.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, section 924(d), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere.  The assets to be forfeited specifically include, but are not limited to: the Hi-Point, model JHP, .45 caliber pistol and all ammunition involved in the offense.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis to establish that the requisite nexus exists between the specific property subject to forfeiture and the offense to which defendant is pleading guilty.  Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the Court find that the government has established the requisite nexus and enter a preliminary order of forfeiture.

In addition to forfeiture, the defendant further agrees to relinquish all claim, title and interest he has in the firearm and ammunition seized from the defendant to the United States.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

### Count One: 18 U.S.C. § 922(g)(1)

*First*: the defendant knowingly possessed a firearm or ammunition as charged in the indictment.

*Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition; and

*Third*: before the defendant possessed the firearm or ammunition, that firearm or ammunition had moved at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. 10th Cir. Pattern J.I. § 2.44.

## III. STATUTORY PENALTIES

The maximum statutory penalties for a violation of 18 U.S.C. § 922(g)(1) are not more than 10 years' imprisonment; not more than a $250,000 fine, or both; not more than 3 years' supervised release; and a $100 special assessment fee.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

4

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree as follows:

On May 9, 2017, parole officers conducted a home visit for the defendant, a parolee. The defendant had failed several urine tests and had failed to report to the parole office that morning as directed. A supervisor had directed the officers to arrest the defendant under the "sure and swift" program, a program under Colorado law that permits short-term arrests of parolees for technical parole violations.

The officers knocked on the door of the defendant's apartment, but no one answered. A dog barked at the door for several minutes and then stopped. The defendant's GPS monitor revealed that he was in his apartment. One of the officers called the defendant, who insisted that he was not home. The officer directed the

5

defendant to give the apartment manager authorization to let the officers into the apartment. The officers got a key from the apartment manager, but the key did not work because the defendant apparently had changed the locks. The officers knocked and announced their presence again, but the defendant would not open the door.

An apartment maintenance employee drilled the lock, and an officer kicked open the door. The officer heard water running in a bathroom. He gave commands, but the defendant did not open the bathroom door. The officer kicked open the bathroom door, and the defendant was subsequently arrested for parole violations.

Officers lawfully searched the defendant's apartment, which he has occupied since December 2016. An officer found an unloaded Hi-Point, model JHP, .45 caliber pistol under the defendant's bedroom dresser and a box of 45 rounds of 9mm ammunition in a locker near the dresser.[1] She also found several glass narcotics pipes, a scale, and two unloaded pistol magazines in the defendant's bedroom.

Prior to possessing the ammunition, the defendant was convicted of at least one crime punishable by more than one year in prison. The firearm and ammunition were not manufactured in the State of Colorado and therefore traveled in interstate or foreign commerce prior to being found in the defendant's possession. ~~The firearm the defendant possessed functioned as designed.~~

### VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed,

---

1   The defendant denies knowing that the Hi-Point was under his bedroom dresser, but he admits to possessing the ammunition.

6

the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. The base guideline is U.S.S.G. § 2K2.1(a)(6)(A), with a base offense level of **14**.

B. There are no specific offense characteristics which apply.

C. There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments which apply.

D. The adjusted offense level is therefore **14**.

E. <u>Acceptance of Responsibility</u>: The parties agree that the defendant should receive a 2-level adjustment for acceptance of responsibility. The resulting offense level therefore is **12**.

F. <u>Criminal History Category</u>: The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be **VI**.

G. Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

H. <u>Imprisonment</u>: The advisory guideline range resulting from these

calculations is **30 to 37** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 10 months (bottom of Category I) to 37 months (top of Category VI).

The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

I. <u>Fine:</u> Pursuant to guideline § 5E1.2, under the estimated offense level calculated above, the fine range for this offense would be **$5,500 to $55,000**, plus applicable interest and penalties.

J. <u>Supervised Release:</u> Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not more than three years.

K. There is no restitution in this case.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence

based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

VII. **ENTIRE AGREEMENT**

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 10-10-17

Benjamin Phillips
Defendant

Date: 10/10/17

David Johnson
Attorney for Defendant

Date: 10/10/17

Emily M. May
Assistant U.S. Attorney

9